ISHAM AND CELIA ALBRITTON *v.* P. D. THORNTON.

**Pleading—Newly Discovered Evidence—New Trial.**

> After the adjournment of the court, whether upon petition or otherwise, it has no power to alter, change, or set aside any order or judgment made or entered by it while sitting as a court, but upon discovery of grounds for a new trial, after the term at which the judgment was rendered, an application may be made to the court by petition for a new trial, as provided by section 373, Civ. C.

APPEAL FROM CALLOWAY CIRCUIT COURT.

January 27, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This petition was filed in the Calloway County Court to set aside and vacate an order of said court, made some five months previous to the filing of said petition, binding two colored children to appellee, children of appellant Celia.

After the adjournment of the court, it had no power to alter, change, or set aside any order or judgment made or entered by it while sitting as a court, but by *section 373, Civil Code.* Upon discovery of grounds for a new trial, after the term at which the judgment was rendered, an application may be made to the court by petition filed with the clerk, and proceedings as prescribed in said *section.* By an examination of the petition in this case, it is apparent that the facts alleged present no sufficient grounds for a new trial; but if appellants are entitled to relief, it must be sought in a different *forum.*

As therefore the facts stated in the petition were not sufficient

to constitute a cause of action, there was no error in dismissing the petition. Wherefore, the judgment is affirmed.

*Rodman, Brown & Miller, for appellants.*

*Stubblefield, for appellee.*